IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marilynn Perri-Clair, ) | Civil Action No. 2:09-1584-MBS-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| The Ace Partnership of Charleston, SC ) | |
| LLC d/b/a McDonald's Hamburgers, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This action has been filed by the Plaintiff pursuant to, inter alia, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The file reflects that an Amended Complaint was filed on June 19, 2010, and the summons was issued on June 20, 2010.

No return of service has ever been filed with the Court, and in an order issued September 8, 2010, Plaintiff was instructed to advise the Court of the status of this matter. Plaintiff responded by advising the Court that she was pursuing service of process and that any necessary motions would be filed prior to the one hundred twenty (120) day service deadline. See Court Docket No. 30-1. However, no motion was ever filed, and there is no evidence in the file that the Defendant has ever been served with process in this case.

Pursuant to Rule 4(m), Fed.R.Civ.P., "[i]f a defendant is not served within one hundred and twenty (120) days after the complaint is filed, the Court-on motion or on its own after notice to the Plaintiff-must dismiss the action without prejudice against that Defendant or order that

1



service be made within a specified time.  But if the Plaintiff shows good cause for the failure, the Court must extend the time for service for an appropriate period."  Here, the time for service began to run on June 19, 2010, and the one hundred and twenty (120) day period for service provided by Rule expired on October 18, 2010.  Therefore, unless Plaintiff has made proper service on the Defendant, this case is subject to dismissal.

**Plaintiff is herein specifically advised and placed on notice that, in response to this Report and Recommendation, she is to provide the Court with proof of service on the Defendant, or present good cause to the Court for any failure to serve the Defendant, within ten (10) days of the filing of this Report and Recommendation.  Failure to do so may result in this case being dismissed.**

### Conclusion

If in response to this Report and Recommendation, Plaintiff submits to the Court proof of timely service on the Defendant, then in that event **IT IS ORDERED** that this Report and Recommendation be **vacated**, and that the file be returned to the undersigned for further proceedings.

In the event Plaintiff fails to submit to the Court proof of service on the Defendant, or to demonstrate good cause for having failed to do so,[1] within the time granted herein, it is

---

[1] In the event Plaintiff has failed to serve the Defendant with service of process, but submits material to the Court asserting good cause for such failure, whether or not to accept Plaintiff's assertions of good cause shall be in the sole discretion of the District Judge in her review of this Report and Recommendation. See e.g., Epstein v. White, 1991 U.S. Dist. LEXIS 14888, 1991 WESTLAW 214152 (N.D.Ill., October 18, 1991); and cf. Mid-Continent Wood Products, Inc., v. Harris, 936 F.2d 297, 1991 U.S. App. LEXIS 13888 (7th Cir. 1991) [ Case law interpreting Rule 4(m) [or its predecessor, Rule 4(j)] has uniformly held that dismissal is mandatory if the defendants are not served within 120 days unless good cause is shown.].

2



recommended that this case be **dismissed**, without prejudice, pursuant to Rule 4(m), Fed.R.Civ.P.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 19, 2011
Charleston, South Carolina



3


**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

