IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Marilynn Perri-Clair, ) | |
| ) | C/A No. 2:09-CV-1584-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| The Ace Partnership of Charleston SC ) | |
| *d/b/a McDonald's Hamburgers*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the Court on Magistrate Judge Bristow Marchant's Report and Recommendation ("R&R"), filed on January 19, 2011, and Plaintiff Marilynn Perri-Clair's ("Plaintiff") responses. For the reasons discussed below, the Court hereby dismisses Plaintiff's action without prejudice.

The Federal Rules of Civil Procedure require that a defendant be served within 120 after the complaint is filed. FED. R. CIV. P. 4(m). If a defendant is not served within the 120-day period then, generally, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. If the plaintiff can show "good cause" for failure to timely serve a defendant, then "the court must extend the time for service for an appropriate period. Id. Even if the Plaintiff cannot show good cause, the court may, in its discretion, grant an extension of time if it deems such an extension to be warranted. See, e.g., Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340–41 (7th Cir. 1996);

1

Espinoza v. United States, 52 F.3d 838, 840–41 (10th Cir. 1995).[1]

Plaintiff filed the instant action against The Ace Partnership of Charleston, SC LLC *d/b/a McDonald's Hamburgers*, McDonald's Corporation *d/b/a McDonald's Hamburgers*, and McDonald's USA LLC *d/b/a McDonald's Hamburgers*, on June 17, 2009.  See Compl., ECF No. 1.  The defendants were served and, shortly thereafter, Plaintiff voluntarily dismissed, with prejudice, all but The Ace Partnership of Charleston, SC LLC.  See Stip. Of Dismissal, ECF No. 23.  Because The Ace Partnership of Charleston, SC LLC had failed to file an answer, Plaintiff sought a default judgment.  The Clerk of the Court entered default, but before Plaintiff could seek an order of default, it became clear that The Ace Partnership of Charleston, SC LLC was not the proper defendant for

---

[1] There is a Fourth Circuit case that interprets Rule 4(m) as mandating a showing of "good cause" before an extension can be granted.  That decision, Mendez v. Elliot, 45 F.3d 75 (4th Cir. 1995), was based on the Court's finding that the 1993 amendments to the Federal Rules of Civil Procedure worked no substantive change on Rule 4(m).  See id. at 78.  However, after Mendez was decided, the U.S. Supreme Court issued its opinion in Henderson v. United States, 517 U.S. 654 (1996), in which it found that, following the "1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period, 'even if there is no good cause shown.'"  Id. at 662-63 (quoting Advisory Committee's Notes on FED. R. CIV. P. 4, 28 U.S.C. App., p. 654).  Mendez stands alone among the circuits in its holding that the amendments to the Rule did not give the district courts the power to authorize permissive extensions in the absence of good cause.  See Hammad v. Tate Access Floors, Inc., 31 F.Supp.2d 524, 526 (D.Md. 1999) (listing cases).  Furthermore, since Henderson was decided, the Fourth Circuit has issued several unpublished decisions that have endorsed permissive extensions.  See, e.g., Hansan v. Fairfax Cnty. Sch. Bd., No. 10-1218, 2010 WL 5237865, at *1 (4th Cir. Dec. 21, 2010) (stating that in the absence of a showing of good cause "the district court has discretion to extend the period if the plaintiff can show excusable neglect for his failure to serve"); Giacomo-Tano v. Levine, No. 98-2060, 1999 WL 976481, at *1 (4th Cir. Oct. 27, 1999) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service.").  For these reasons, this court agrees with the other district courts in this Circuit that have found that, following Henderson, Mendez is no longer authoratative on this issue.  See Melton v. Tyco Valves & Controls, Inc., 211 F.R.D. 288, 289–90 (D.Md. 2002); Hammad, 31 F.Supp.2d at 527–28.

Plaintiff's suit. The proper defendant was The Ace Partnership of Charleston, SC (*i.e.*, the same entity name, but minus the "LLC"). See Mot. To Amend Compl., ECF No. 24. On June 3, 2010, Plaintiff moved to amend the complaint to reflect the proper Ace Partnership entity. See id. at 3. On June 28, 2010, Judge Marchant issued a text order granting Plaintiff's motion to amend and directed Plaintiff to serve the new Defendant as provided by the Rule. See Text Order, ECF No. 25.

The Amended Complaint was filed on July 19, 2010 and a summons was issued as to The Ace Partnership of Charleston SC ("Defendant") on the following day. ECF Nos. 27 & 28.[2] There was no further activity on the docket until September 8, 2010, when Judge Marchant ordered Plaintiff to advise the Court of the status of the case within ten days. Thirteen days later, on September 21, 2010, Plaintiff's attorney Jarrel L. Wigger filed a letter advising the Court that

> Plaintiff is currently in the process of serving the Summons and Complaint upon the new party, The ACE Partnership of Charleston, SC d/b/a McDonald's Hamburgers through the registered agent. It is possible that the Plaintiff may need to file a Motion to serve the new Defendant by publication. If it is deemed necessary, Plaintiff will file the motion in the near future prior to [the] one hundred [and] twenty day service deadline.

Letter from Jarrel Wigger to The Honorable Bristow Marchant 1, ECF No. 30-1.

Four months passed and Plaintiff failed to file either a motion for leave to serve by publication or a return of service. On January 19, 2011, Judge Marchant issued the R&R now at issue, ordering Plaintiff

> **to provide the Court with proof of service on the Defendant, or present good cause to the Court for any failure to serve the Defendant, within ten (10) days of the filing of this Report and Recommendation. Failure to do so may result in this case being dismissed.**

---

[2]     Because Plaintiff filed her amended complaint on July 19, 2010, the 120-period for service expired on November 16, 2010.

3

R&R 2, ECF No. 31 (emphasis in original).  The R&R further provided that, if Plaintiff "submits to the Court proof of timely service on the Defendant," then the R&R would be vacated and the file returned to the Magistrate Judge for further proceedings.  Id.  If, however, "Plaintiff has failed to serve the Defendant . . . , but submits material to the Court asserting good cause for such failure, whether or not to accept Plaintiff's assertions of good cause shall be in the sole discretion of the District Judge in her review of this [R&R]."  Id. at 2, n.1.

On January 21, 2011, three days after the R&R was issued, Plaintiff filed a response attaching proof of service, which indicated that "Ace Partnership (Jaye Priddy)" was served on that same day.  ECF No. 33.  Approximately one week later, on January 27, 2011, Plaintiff filed a second response to the R&R, this time attaching an affidavit of service by an individual named Mark Jaskiewicz, who averred that he personally served Juan I. Acevado, the President of The Ace Partnership of Charleston, on January 26, 2011.  Neither of these responses offered a reason for Plaintiff's failure to serve within the 120-day deadline required by the Federal Rules of Civil Procedure.  Finally, on February 4, 2011, Plaintiff filed a third (untimely) response to the R&R, this time requesting that the Court find that the late service was justified by "good cause," because a paralegal had falsely informed Plaintiff's counsel that she had Defendant served before the 120-day deadline.  See Pl.'s Am. Resp. To R&R 2, ECF No. 38.

Ordinarily, "for a court to find good cause, some extraordinary circumstance must have impeded service, for example: the defendant was evading service; the plaintiff experienced difficulty in obtaining defendant's proper address; the plaintiff was misdirected by court personnel as to proper procedure; or a defect in the attempted service was not revealed by the defendant until after the time expired."  Hoffman v. Baltimore Police Dept., 379 F.Supp.2d 778, 786 (D.Md. 2005) (citations

4

omitted). In contrast, courts have declined to find good cause where the plaintiff's attorney was negligent in serving the defendant, or where a paralegal tasked with overseeing service came down ill at the end of the service period. See Braithwaite v. Johns Hopkins Hosp., 160 F.R.D. 75, 77 (D.Md. 1995); Hoffman, 379 F.Supp.2d at 786–87.

The Court finds that Plaintiff has not shown that "good cause" justifies her failure to timely serve Defendant. Counsel bears the responsibility of ensuring that support staff complete the tasks delegated to them. Furthermore, in this particular case, the Magistrate Judge called the issue to Plaintiff's counsel's attention when he issued the order in September directing Plaintiff to provide the Court with an update on the status of the case. That order was issued more than two months before the 120-period for service expired and Plaintiff's counsel responded to it by advising that he was having difficulty locating Defendant and may therefore request leave to file by publication. Plaintiff's counsel provides no explanation for his failure to follow up until he was again prompted by the Magistrate Judge in January. The Court further declines to grant a discretionary extension of the service period. Plaintiff's action is hereby dismissed without prejudice for failure to timely serve the Defendant as required by the Federal Rules of Civil Procedure.

IT IS ORDERED.

/s/ Margaret B. Seymour
United States District Judge

February 23, 2011
Columbia, South Carolina